# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

KEYONNA BRYANT, TEMEKA DAVIS, )
and DANA DEMOSS, )
       )
     **Plaintiffs,** )
       )
**v.** )     **Case No. 3:24-cv-00767**
       )     **Judge Aleta A. Trauger**
**BELLSOUTH** )
**TELECOMMUNICATIONS, LLC, d/b/a** )
**AT&T TENNESSEE,** )
       )
     **Defendants.** )

## MEMORANDUM

Before the court are (1) the Motion to Amend Its Answer (Doc. No. 44), filed by defendant BellSouth Telecommunications, LLC d/b/a AT&T Tennessee ("BellSouth"),[1] which the plaintiffs oppose (Doc. No. 49); and (2) plaintiffs' corrected Second Motion to Amend (Doc. No. 57-1), which seeks to add AT&T Mobility, LLC ("AT&T Mobility") and AT&T Services, Inc. ("AT&T Services") as new defendants and to include new allegations that these entities and named defendant BellSouth operate as an integrated enterprise. BellSouth opposes the plaintiffs' motion. (Doc. No. 66.)

For the reasons set forth herein, the plaintiffs' Second Motion to Amend will be granted, and BellSouth's Motion to Amend Its Answer will be denied as moot.

## I.    BACKGROUND

Plaintiffs Keyonna Bryant, Temeka Davis, and Dana DeMoss filed this lawsuit in June 2024 by filing a Complaint naming BellSouth, their former employer, as the sole defendant. They

---

[1] The plaintiffs refer to BellSouth as "AT&T." To avoid confusion with the other proposed defendants, the court refers to it as BellSouth.

filed their First Amended Complaint ("FAC"), without opposition, in December 2024. (Doc. No. 26.) The FAC asserts claims on behalf of all three plaintiffs against BellSouth for retaliation and interference with leave rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*; discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Tennessee Disability Act ("TDA"), Tenn Code Ann. § 8-50-103 *et seq.*; and failure to accommodate and failure to engage in the interactive process in violation of the ADA.

All three plaintiffs claim that they were wrongfully laid off from their employment with BellSouth in June 2023. Davis alleges that she was eventually rehired by BellSouth but in a position with lower pay than her previous job. (FAC ¶ 87.) Bryant alleges that she was rehired to work in BellSouth's "collections department" but was allegedly fired (or her job was rescinded) during her first shift in the new job, based on her employment record. (*Id.* ¶¶ 71–72.) DeMoss alleges that, after she accepted a new position with BellSouth, she was falsely accused of fraud and subjected to working conditions that were so difficult that she was forced to resign and, thus, constructively discharged. (*Id.* ¶¶ 101–03.)

In its September 2023 Answer to the original Complaint, BellSouth "admit[ted] that a job offer was made to Bryant for a Collections Representative position in error in or around August 2023"; that the offer "was rescinded on or about August 7, 2023"; and that Bryant's "force loss date with AT&T is on or about August 8, 2023." (Answer, Doc. No. 17 ¶¶ 72–73.) Regarding Davis, BellSouth denied in its entirety the allegation that Davis was "eventually hired into another position with [BellSouth that] pays approximately ten percent less" than her former job. (Answer, Doc. No. 17 ¶ 87.) Regarding DeMoss, the defendant asserted that "it did not employ DeMoss at all times relevant to Plaintiffs' Complaint." (*Id.* ¶ 90.) More specifically, it admitted that DeMoss was "most recently employed as an Integrated Solutions Consultant" but averred that "the position

was not with Defendant." (*Id.* ¶ 101.) BellSouth made these same statements in its Answer to the FAC. (Doc. No. 30 ¶¶ 70–71, 87, 88, 99.) Both the original and amended Answer asserted an affirmative defense based on the fact that BellSouth "did not employ DeMoss at all times relevant to Plaintiffs' Complaint." (Doc. No. 17 at 21; Doc. No. 30 at 23.)

In October 2025, BellSouth moved to amend its answer. (Doc. No. 44.) Although this information was not highlighted or, indeed, referenced in the Motion to Amend the Answer, the proposed Amended Answer specifically avers that

> Bryant applied for, and AT&T Services, Inc. initially offered her, a job for which she was not qualified . . . , that Davis applied for, and AT&T Services, Inc. offered her, a job that she declined, and that DeMoss applied for and accepted a management job with AT&T Mobility Services, LLC at a higher rate of pay.

(Doc. No. 44-1 ¶ 39; *see also id.* ¶¶ 70–73, 86–87, 88, 99 (stating that the job offer that Bryant accepted was made by, and rescinded by, AT&T Services, rather than BellSouth; that Davis was offered and declined a position with AT&T Services; and that DeMoss accepted and then resigned from a job with AT&T Mobility, not BellSouth).)

The plaintiffs moved to amend their pleading within a few weeks after BellSouth moved to amend its Answer.[2] In the Memorandum in support of their motion, the plaintiffs state that, although BellSouth's original Answer and Answer to the First Amended Complaint stated that it did not employ DeMoss "at all times relevant to Plaintiffs' Complaint," BellSouth did not assert

---

[2] The plaintiff's original Second Motion to Amend, filed on November 12, 2025, mistakenly indicated that it was unopposed. (Doc. No. 54 at 6.) On November 13, 2025, the court granted the motion as unopposed and denied as moot BellSouth's Motion to Amend Its Answer. (Doc. No. 58.) At virtually the same time that Order was entered, the plaintiffs filed their Motion to Substitute (Doc. No. 57), seeking to substitute a corrected Second Motion to Amend. Although the Motion to Substitute did not specifically flag the error, the corrected Second Motion to Amend stated that the defendant opposed the motion. (Doc. No. 57-1 at 6.) The plaintiffs promptly thereafter filed a Notice clarifying that their Second Motion to Amend was opposed. (Doc. No. 60.) The next day, the court entered an Order granting the Motion to Substitute and vacating that portion of the November 13 Order granting the plaintiffs' Second Motion to Amend and denying the defendant's Motion to Amend the Answer. (Doc. No. 62.)

that this "exception" extended to all plaintiffs until it filed its proposed Amended Answer. (Doc. No. 54-2 at 1–2.) They assert that their Second Motion to Amend is motivated solely by the new statements in the defendant's proposed Amended Answer and that their proposed amendment is not futile, because the claims against the new defendants are still timely under the three-year statute of limitations for FMLA claims.[3]

The proposed Second Amended Complaint ("SAC"), as noted, adds AT&T Services and AT&T Mobility as new defendants, and it asserts that BellSouth, AT&T Services, and AT&T Mobility

> are a joint enterprise and have interrelation of operations, common management and centralized control of labor relations so much so that Defendant[s] AT&T Mobility, LLC and AT&T Services, Inc. base their employment decisions and actions upon the employee records of BellSouth Telecommunications, LLC, and Defendant, BellSouth Telecommunications, LLC, claims it did not terminate Plaintiff Keyonna Bryant because she accepted a job with AT&T Mobility Services, LLC.

(Doc. No. 54-1, SAC ¶ 7(c).) The proposed SAC also generally uses the term "defendants" (or identifies all three entities by name), operating "either as a joint enterprise or separately," in the paragraphs discussing the plaintiffs' attempts to obtain new jobs after their lay-offs, where it previously used "defendant" in the singular or referred only to BellSouth. (*See id.* ¶¶ 35–39, 70–73, 99, 101, 103.)

The proposed SAC also amends paragraphs 104–112, which comprise the FMLA retaliation claim, to assert a retaliation claim against all three entities, by using the term "Defendants" rather than "Defendant." (*Id.* ¶¶ 106–112.) In addition, paragraph 111 adds the word "intentionally," to assert that "Defendants intentionally retaliated against Plaintiffs in violation of

---

[3] They do not address the timeliness of their ADA and TDA claims, but it appears that the plaintiffs intend only to bring their FMLA retaliation claim against the new defendants.

the [FMLA]." (*Id.* ¶ 111.) Finally, the plaintiffs seek to amend the Prayer for Relief to "change the word Defendant to Defendants every place it appears." (Doc. No. 57-1 at 6.)

BellSouth opposes the plaintiffs' Second Motion to Amend on the grounds that (1) the plaintiffs unjustifiably delayed seeking to amend their pleading; and (2) the proposed amendment would unduly prejudice BellSouth by expanding the scope of the case, requiring additional discovery and potentially necessitating the extension of discovery deadlines and continuing the first trial date.[4] (Doc. No. 66.) BellSouth argues in the alternative that, if the court is inclined to grant the Second Motion to Amend, it should require the plaintiffs to file a revised proposed pleading that specifically alleges which employer took which adverse action against each plaintiff, rather than engaging in improper "muddling" of the three different companies, particularly in light of the fact that it is clear that only Bryant was offered a job by AT&T Services and only DeMoss accepted and then resigned from a job at AT&T Mobility. It contends that the plaintiffs' proposal to add an "integrated or joint-employer theory of liability" is futile, because the proposed SAC does not plead facts that establish either theory. (Doc. No. 66 at 8–10.) Accordingly, it argues that the plaintiffs should not be able to engage in "ambiguous," "broad-brush" pleading that fails to account for the plaintiffs' different experiences with different entities and different decisionmakers. (*Id.* at 11.)

The plaintiffs filed a Reply in which they argue, first, that they did not unduly delay in seeking to amend. In support of this argument, they assert that BellSouth's October 20, 2025 Motion to Amend Answer provided their first notice of BellSouth's contention that Bryant was employed by AT&T Services and that DeMoss was employed by AT&T Mobility. (Doc. No. 67

---

[4] The court granted in part BellSouth's motion to sever, ordering that the claims of the three separate plaintiffs be tried in three separate trials. Only plaintiff Bryant's case is set for trial, after the conclusion of which the court will set the other two plaintiffs' claims for separate trials. (*See* Doc. No. 58 ¶ 2.)

at 2.) They also point out that BellSouth's initial disclosures identified only current or former employees of BellSouth, who could be contacted through BellSouth's counsel of record, as persons with knowledge regarding the plaintiffs' new jobs. (*Id.* (citing Doc. No. 67-5).) The plaintiffs acknowledge that BellSouth's original Answer and first Amended Answer asserted that it did not always employ DeMoss, but, they point out, it did not provide further information or identify AT&T Mobility by name. (*Id.* at 3.) And BellSouth's Amended Initial Disclosures, provided on December 2, 2025 (one day after BellSouth's Response to the plaintiffs' Second Motion to Amend), provided, for the first time, the identity of witnesses with knowledge that Bryant's collections department job was with AT&T Services and that DeMoss worked for AT&T Mobility. (*Id.* at 3 (citing Doc. No. 67-6).)

In addition, all three plaintiffs also submitted Declarations. According to Davis, she worked for BellSouth until she was laid off on June 24, 2023 and has "no idea why Defendant claims I worked for any other employer during the events set forth in the Complaint." (Doc. No. 67-7, Davis Decl. ¶ 4.) Bryant testifies that she worked for BellSouth until June 24, 2023, was "hired by Defendant in its collection department," and fired on her first day on the job "due to [her] attendance while [she] worked for [BellSouth]." (Doc. No. 67-9 ¶ 5.) Bryant further states:

> In my personnel record, . . . it states my job offer was "rescind[ed] . . . due to previous warning on employee's record." AT & T told me that this was related to an April 13, 2022 write up. I believe I worked for Defendant AT & T throughout the allegations in my Complaint, including for the few hours I worked in August 2023. I believe I was paid for these few hours by BellSouth Telecommunications, LLC the Defendant in this lawsuit.

(*Id.*)

Similarly, DeMoss states that, on June 19, 2023, she was hired in "Defendant's Home Expert Department" and was told that her vacation and sick leave accrued in her prior position "carried over to her new job." (Doc. No. 67-8, DeMoss Decl. ¶¶ 4, 5.) She "had the same HR

department" in the new position, and her employment paperwork, including her I-9 and W-2 forms, followed her to the new position. (*Id.* ¶ 5.) She obtained the new position "through AT&T and its portal, HR OneStep, that sets forth the job openings at AT&T" and "believed and was under the impression that [she] worked for the same employer" in the new position. (*Id.* ¶¶ 6–7.)

The plaintiffs also dispute BellSouth's claim of undue prejudice, given that the fact discovery deadlines had already been extended[5] and only a trial date for Bryant's claims has been set. And they assert that the proposed amendment is not futile, because they adequately allege facts supporting the reasonable inference that BellSouth, AT&T Services, and AT&T Mobility are an integrated enterprise. They note in particular that AT&T Services is not authorized to do business in Tennessee and apparently does business under "Defendant's name." (Doc. No. 67 at 4.) BellSouth and AT&T Mobility are headquartered at the same address in Atlanta; Bryant's attendance records from BellSouth were used to justify her termination; her personnel records were administered by AT&T Services even when she was employed by BellSouth; and all three entities use common forms for employees of "AT&T and Participating Companies." (*Id.* (quoting Doc. No. 67-2 at 1).) They also argue that all three entities have common management, common directors, and common boards, as well as common ownership and financial control, and centralized control of labor relations and personnel. The facts supporting these assertions are not actually in the proposed SAC; rather, the plaintiffs cite to exhibits filed with their Reply

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(1) permits a party to amend its pleading "once as a matter of course" within twenty-one days after serving it or twenty-one days after service of a motion to dismiss. Fed. R. Civ. P. 15(a)(1)(A)–(B).

---

[5] When the plaintiffs filed their Reply, the discovery deadline was still three months out.

Otherwise, once that window is closed, Rule 15(a)(2) allows a party to amend its pleading only with the opposing party's consent or by leave of court. Rule 15(a)(2) adds that a court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Despite this "liberal amendment policy," the denial of a motion to amend "may be appropriate when there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Brown v. Chapman*, 814 F.3d 436, 443 (6th Cir. 2016) (first quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002); and then quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) (quoting *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)). The party opposing a motion to amend has the burden of establishing futility. *Mason Sales, LLC v. Talent Creation, Ltd.*, No. 3:24-cv-00092, 2025 WL 696529, at *4 (M.D. Tenn. Mar. 4, 2025) (Newbern, M.J.) (citations omitted).

## III. DISCUSSION

The court is persuaded that the plaintiffs' failure to amend sooner is not the product of undue delay or a dilatory motive. Rather, it appears that neither BellSouth nor the plaintiffs distinguished among the various BellSouth/AT&T entities, and the defendant itself belatedly recognized that Bryant, at least, was not reemployed by BellSouth but by some other entity. The facts presented by the plaintiffs indicate that their confusion was justified and that BellSouth is at least equally at fault for the parties' failure to clarify, at an earlier date, the identity of the entities that hired Bryant and DeMoss after their lay-offs.

Nor can BellSouth establish significant prejudice. Again, the plaintiffs are not solely at fault for the failure to clarify the identity of the rehiring entities. Moreover, at the time the plaintiffs moved to amend, the fact discovery and dispositive deadlines were still some months in the future. The court's inability to resolve this motion more promptly due to its caseload may well result in a need to extend the deadlines, but the plaintiffs cannot be faulted for the court's delay in addressing their motion.

As for futility, the plaintiffs do not allege specific, concrete facts in the proposed SAC that support their integrated enterprise theory of liability, but they clearly allege the theory, putting BellSouth on notice of it, and they are apparently in possession of evidence supporting it. Moreover, the parties' confusion regarding which AT&T entities were the proper entities to sue somewhat substantiates the plaintiffs' theory. In short, it is not clear at this juncture that the Second Motion to Amend is futile with respect to plausibly alleging an integrated enterprise theory of liability. And, in any event, the plaintiffs' potential inability to prevail on that theory would not justify denying them leave to amend to add the appropriate AT&T entities that hired and allegedly improperly fired them.

Finally, the court is not persuaded that the plaintiffs should be required to revise the proposed SAC to specify that they each bring FMLA retaliation claims only against their own former employers. The factual allegations in the proposed SAC make it clear which entity allegedly took which action, and it is not necessary to require further clarification.[6] The three plaintiffs' claims will be tried separately, and it is apparent that Bryant's claims will proceed only

---

[6] The proposed SAC is somewhat confusing in that it maintains the use of the singular "Defendant" in the claims other than Count One, the FMLA retaliation claim to which the plaintiffs seek to join the new defendants. The court presumes that the other claims are brought against BellSouth only.

against BellSouth and AT&T Services, while DeMoss's would proceed against BellSouth and AT&T Mobility, and Davis pursues claims only against BellSouth.[7]

## IV. CONCLUSION

The plaintiffs' Second Motion to Amend will be granted, thus rendering moot the defendant's Motion to Amend Its Answer to the FAC. An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge

---

[7] If Davis maintains differently, then further clarification may be needed.